**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| |
|---|
| In re Application of:<br><br>CTS Research, Inc.<br><br>      Petitioner,<br><br>For an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 |

C.A. No. _____

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
APPLICATION AND PETITION FOR AN ORDER TO CONDUCT DISCOVERY
FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

**Christensen Law LLC**
Joseph L. Christensen (#5146)
Anne M. Steadman (#6221)
Levi Akkerman (#7015)
1201 N. Market Street, Suite 1404
Wilmington, DE 19801
(302) 212-4330
joe@christensenlawde.com
asteadman@christensenlawde.com
lakkerman@christensenlawde.com

**Descalzo Law P.A.**
Marissel Descalzo, Esq.
(pro hac vice admission forthcoming)
150 S.E. 2nd Avenue, Suite 600,
Miami, Florida 33131
Tel.: (305) 489-1018
md@descalzolaw.com

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 2

    I.      OVERVIEW OF RELEVANT FACTS.................................................. 2

    II.     THE CANADA PROCEEDING ............................................................ 3

          A.     Williams' Participation in the Defamatory Conspiracy ............................. 3

          B.     Pirtle's Participation in the Defamatory Conspiracy ................................. 4

    III.    PETITIONER'S INVESTIGATION UNCOVERS CO-CONSPIRATORS.......... 4

JURISDICTION AND VENUE.................................................................................. 5

ARGUMENT.............................................................................................................. 6

    I.      THE PETITION MEETS THE SECTION 1782 STATUTORY REQUIREMENTS FOR RELIEF ........................................................... 6

    II.     PETITIONER MEETS THE DISCRETIONARY FACTORS FOR SECTION 1782.......................................................................................................... 9

CONCLUSION........................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Crédito, Sociedad Anónima de Cap. Variable, Sociedad Financiera de*
  *Objeto Múltiple, Entidad Regulada*,
  No. 22-mc-412-GBW, 2023 U.S. Dist. LEXIS 174807 (D. Del. Sep. 28, 2023) ......................7

*In re Fourworld Cap. Mgmt. LLC*,
  Civil Action No. 23-1460-GBW, 2024 U.S. Dist. LEXIS 69617 (D. Del. Apr.
  16, 2024) ..........................................................................................................................7

*In re Ex parte in re Al-Baldawi*,
  No. 5:22-mc-80329-EJD, 2023 U.S. Dist. LEXIS 90056 (N.D. Cal. May 23,
  2023) ...............................................................................................................................10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004)............................................................................................ *passim*

*Kiritchenko v. Citicorp N. Am., Inc.*,
  No. 2:23-mc-00137 WLH (AJRx), 2024 U.S. Dist. LEXIS 112070 (C.D. Cal.
  Apr. 1, 2024) ....................................................................................................................11

*In re Liverpool Ltd. P'ship*,
  No. 21-MC-86-CFC, 2021 U.S. Dist. LEXIS 161565 (D. Del. Aug. 26, 2021) ......................8

*In re N. Am. Potash, Inc.*,
  No. 12-20637-CV-WILLIAMS/Tur, 2012 U.S. Dist. LEXIS 195703 (S.D. Fla.
  Nov. 19, 2012) .................................................................................................................10

*In re O'Keeffe*,
  646 F. App'x 263 (3d Cir. 2016) ......................................................................................7

*In re Regeneron Pharms.*,
  Inc., No. 25-17 (MN), 2025 U.S. Dist. LEXIS 156430 (D. Del. Aug. 13, 2025).....................8

*In re Selman*,
  Civil Action No. 23-895-CJB, 2024 U.S. Dist. LEXIS 44077 (D. Del. Mar.
  13, 2024) .......................................................................................................................7, 8

*In re Vienna*,
  No. 23-mc-258-CFC, 2023 U.S. Dist. LEXIS 171349 (D. Del. Sep. 26, 2023*)*....................7, 9

**Statutes**

28 U.S.C. § 1331...............................................................................................................5

28 U.S.C. § 1391(c)(2)..................................................................................................6

28 U.S.C. § 1782................................................................................................. *passim*

28 U.S.C. § 1782(a) ......................................................................................................6

## **INTRODUCTION**

Applicant CTS Research, Inc. ("CTS" or "Petitioner") respectfully submits this Memorandum of Law in support of its *Ex Parte* Petition for Judicial Assistance in Aid of Foreign Proceedings pursuant to 28 U.S.C. § 1782, and requests the issuance of an order permitting Petitioner to obtain documentary evidence from cryptocurrency companies Robinhood Crypto LLC, Payward Inc. d/b/a Kraken, Payward Ventures Inc. d/b/a Kraken, and OKCoin USA Inc. d/b/a OKX (collectively, "Respondents"), entities that reside in this District, for use in a proceeding currently pending in Canada.

Petitioner previously sought, and was granted, authorization to serve subpoenas on Respondents in connection with the underlying Canadian proceeding.[1] Those initial requests pertained to then-sole defendant, Zachary Storm Williams ("Williams"), and his co-conspirators who were known at the time. Subsequently, Petitioner confirmed the identity of an additional principal of the defamatory conspiracy against CTS—Nathan Allen Pirtle ("Pirtle")—and intends to amend its Notice of Claim in the Canadian proceeding to assert claims directly against Pirtle, in addition to Williams. Accordingly, Petitioner now seeks leave to serve new sets of subpoenas on Respondents seeking discovery concerning Pirtle's cryptocurrency accounts, which Petitioner has a good faith basis to believe Pirtle used to transmit and receive payments in furtherance of the defamatory conspiracy. This information is highly relevant to the Canadian proceeding and Petitioner's forthcoming claims against Pirtle, as well as Williams.

In support of this Petition, Petitioner states as follows:

---

[1] Petitioner previously sought—and the Court granted—authorization to serve subpoenas in furtherance of discovery in connection with the underlying foreign proceeding under the following D. Del. case numbers: 1:25-cv-00998-JLH-EGT; 1:25-cv-00999-JLH-EGT; 1:25-cv-01000-JLH-EGT; 1:25-cv-01001-JLH-EGT; 1:25-cv-01002-JLH-EGT; 1:25-cv-01011-JLH-EGT. An additional proceeding is pending before the Court under case number 1:25-cv-01225.

## FACTUAL BACKGROUND

### I.   OVERVIEW OF RELEVANT FACTS

Beginning in June 2025, Petitioner, a global investigative firm, became the target of a coordinated defamatory smear campaign designed to inflict serious reputational harm (the "Defamatory Conspiracy"). The Defamatory Conspiracy was orchestrated by Pirtle, an individual residing in Rancho Cucamonga, California, at his own behest and/or on behalf of other individuals or entities whose identities are currently under investigation.  Pirtle, in turn, paid and enlisted the aid of Williams, a male escort and adult entertainer residing in Vancouver, British Columbia. Williams, individually and in concert with Pirtle, further conspired with numerous other individuals whose identities are being further investigated.  Williams used his social media account "@vegetabarb" on X to publish a series of false and defamatory statements about Petitioner, including allegations that Petitioner lacked mandatory licensing, engaged in harassment for hire, and participated in illegal surveillance and abuse through unlicensed investigators.

The reputational damage that Pirtle and Williams have caused CTS to suffer was significantly exacerbated because the relevant defamatory statements were amplified and disseminated across numerous social media platforms, particularly by parties involved in a contemporaneous lawsuit against Petitioner in the United States District Court for the Southern District of Florida. This coordinated online Defamatory Conspiracy, which included the use of paid influencers and automated bots, rapidly spread the false allegations, compounding the harm to Petitioner's business and standing.

Upon information and belief, payments in furtherance of the Defamatory Conspiracy – including payments made by Pirtle to Williams and others, as well as those received by Pirtle in connection with the Conspiracy – were processed through Respondents' cryptocurrency platforms. The timing and content of the defamatory posts, as well as their rapid proliferation online, strongly

indicate a deliberate and malicious effort to damage Petitioner's reputation by a coordinated campaign to propagate falsehoods on social media.

## II.     THE CANADA PROCEEDING

In response to Williams' defamatory statements, Petitioner brought the Canada Proceeding against Williams in the Supreme Court of British Columbia, seeking damages and injunctive relief. The litigation is pending in Supreme Court of British Columbia (the "Canada Court"), bearing the caption *CTS Research, Inc. vs. Zachary Storm Williams* (Court File No. VLC-S-S-255851), which Petitioner filed on August 5, 2025 (the "Canada Proceeding").[2]  Petitioner has commenced the procedural process to amend its Notice of Claim to add Pirtle as a defendant and to assert claims against Pirtle for his role in the Defamatory Conspiracy. *See*, *e.g.*, Descalzo Decl., Ex. B (Proposed Amended Complaint) ¶¶ 36-40.

In the Canada Proceeding, Petitioner asserts claims for defamation, civil conspiracy and injunctive relief arising from Williams' and Pirtle's (together, the "Canadian Defendants") coordinated campaign to damage the Petitioner's reputation by publishing false and defamatory statements on social media – as defined the Defamatory Conspiracy. *Id*., ¶¶ 1,3, 4-6.

### A.     Williams' Participation in the Defamatory Conspiracy

As set forth in the Canada Proceeding, on various dates in June and July 2025, Williams, using the X account with the username @vegetabarb, published a series of posts that directly referenced the Petitioner and made a number of serious and defamatory allegations. *Id.* at ¶¶ 15-19.  These posts, which were accessible to the public at large, included false statements that the Petitioner "does not seem to have any mandatory licensing" and provides "harassment for hire." *Id.* at ¶ 17, 19(a).  Williams further alleged that Petitioner has been "gladly taking money" to carry

---

[2] A true and correct copy of the Notice of Civil Claim in the Canada Proceeding is annexed to the Descalzo Decl. as Exhibit "A".

out "disgusting dirty work!" and "carry[ing] out this abuse," and accused Petitioner of engaging in "illegal surveillance" and "relentless harassment" through "unlicensed investigators." *Id.* at ¶¶ 19(b), 19(c).

As described in the Canada Proceeding, these statements are false, *id.* at ¶ 24, and were made in the context of a broader conspiracy and smear campaign, in which Williams and other individuals acted in concert to amplify and disseminate defamatory content about the Petitioner. *Id.* at ¶¶ 4-9, 20. Specifically, the Defamatory Conspiracy included the use of paid influencers and online bots to rapidly and widely spread the false information. *Id.* at ¶ 8.

As a result of the publication of the false statements, Petitioner has suffered significant harm to its reputation and business interests, including the loss of customers and business opportunities. *Id.* at ¶¶ 35, 36.

### B. Pirtle's Participation in the Defamatory Conspiracy

Pirtle holds himself out as "a digital marketing expert," especially as it relates to social media. *Id.*, ¶ 36. Pirtle was hired as part of the Defamatory Conspiracy to find social media personalities, including Williams, and pay them to post defamatory statements regarding Petitioner as part of the targeted attack on Petitioner. *Id.*, ¶ 37. Pirtle encouraged Williams to post the defamatory statements as part of the Defamatory Conspiracy and in fact paid Williams (including via Respondents' cryptocurrency platforms) to post the defamatory statements and assist in the proliferation of those false and harmful statements. *Id.*, ¶¶ 38-39. Williams did so knowing that the Defamatory Statements were false and with malicious intent to harm CTS. *Id.* ¶ 40.

### III. PETITIONER'S INVESTIGATION UNCOVERS CO-CONSPIRATORS

Petitioner's investigation to date has identified more than 100 participants in the Defamatory Conspiracy – all of whom reposted and/or otherwise amplified the defamatory statements (collectively, the "Co-Conspirators"). Upon information and belief, the Co-

- 4 -

Conspirators' postings were done at the direction or request of and/or in concert with Pirtle and/or Williams.  Further participants are likely to be identified.

Upon information and belief, payments to and/or from Pirtle in connection with the Defamatory Conspiracy were made using Respondents' cryptocurrency platforms.  As the owners and operators of the cryptocurrency platforms through which Pirtle made and/or received payments in connection with the defamatory scheme, Respondents possess relevant information regarding the conspiracy and defamatory actions that are the subject of the Canada Proceeding. Specifically, upon information and belief, Respondents are in possession, custody, and/or control of significant documentary information concerning payments made to and/or from Pirtle and the Co-Conspirators—the individuals and/or companies that Pirtle paid in connection with the defamatory scheme, as well as those who, in turn, paid Pirtle in connection with that scheme.

This information goes directly to the merits of Petitioner's claims in the Canada Proceeding, and would not be readily available through discovery in the Canada Proceeding, as, upon information and belief, Respondents lack a presence in Canada—and therefore are not subject to the Canada Courts' jurisdiction.

Petitioner therefore seeks discovery from Respondents to obtain information regarding transactions involving Pirtle, as well as certain known Co-Conspirators, in order to identify additional participants in the defamatory scheme and seek discovery from those individuals for use in connection with the Canada Proceeding, including potentially adding one or more further parties to the Canada Proceeding.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this application under 28 U.S.C. §§ 1331 and 1782.  This Court has personal jurisdiction over Respondents because Respondents were incorporated and/or organized under the laws of the State of Delaware and therefore reside in this

- 5 -

Judicial District.

Upon information and belief, Robinhood Crypto LLC is a Delaware limited liability company offering cryptocurrency services. *See* Descalzo Decl., Ex. G at 1.

Upon information and belief, Payward Inc. is a Delaware corporation offering cryptocurrency services through the platform known as Kraken. *Id*. at 2.

Upon information and belief, Payward Ventures Inc. is a Delaware corporation offering cryptocurrency services through the platform known as Kraken. *Id*. at 3.

Upon information and belief, OKCoin USA Inc. is a Delaware corporation offering cryptocurrency services through the platform known as OKX. *Id*. at 3.

Under 28 U.S.C. §§ 1391(c)(2) and 1782, venue is proper in this Judicial District because each of the Respondents is subject to this Court's personal jurisdiction, due to their presence herein.

## **ARGUMENT**

As detailed below, Petitioner meets the statutory requirements of Section 1782, as well as the discretionary factors discussed in the relevant case law. Petitioner thus respectfully requests that this Petition for discovery be granted forthwith.

I.    **THE PETITION MEETS THE SECTION 1782 STATUTORY REQUIREMENTS FOR RELIEF**

28 U.S.C. § 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Since 1948, "Congress [has] substantially broadened the scope of assistance federal courts could provide for foreign proceedings," pursuant to Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-57 (2004). A district court should consider a Section 1782 request in the context of the statute's aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *Id.*, 542 U.S. at 252; *In re O'Keeffe*, 646 F. App'x 263, 267 (3d Cir. 2016).

For purposes of § 1782, "the Court need not and should not consider the discoverability or admissibility of the information in the foreign forum when making its determination." *In re Crédito, Sociedad Anónima de Cap. Variable, Sociedad Financiera de Objeto Múltiple, Entidad Regulada*, No. 22-mc-412-GBW, 2023 U.S. Dist. LEXIS 174807, at *5 (D. Del. Sep. 28, 2023). Indeed, Federal district courts in this Circuit routinely grant Section 1782 applications for discovery in aid of foreign proceedings. *See, e.g.*, *In re Fourworld Cap. Mgmt. LLC*, Civil Action No. 23-1460-GBW, 2024 U.S. Dist. LEXIS 69617, at *28-29 (D. Del. Apr. 16, 2024); *In re Selman*, Civil Action No. 23-895-CJB, 2024 U.S. Dist. LEXIS 44077, at *25-26 (D. Del. Mar. 13, 2024); *In re Vienna*, No. 23-mc-258-CFC, 2023 U.S. Dist. LEXIS 171349, at *19 (D. Del. Sep. 26, 2023*)*.

A district court has authority to grant an application for judicial assistance pursuant to Section 1782 if the following requirements are met: "(1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceedings before a foreign or international tribunal; and (3) the application is made by an interested person." *In re Vienna*, 2023 U.S. Dist. LEXIS 171349, at *5-6 (internal quotation marks omitted).

Petitioner has satisfied each of the statutory requirements for Section 1782 relief:

*First*, Respondents can be "found" in this district, on the basis that they were incorporated in and/or organized and formed under the laws of the State of Delaware. (Descalzo Decl., Ex. G). *See In re Liverpool Ltd. P'ship*, No. 21-MC-86-CFC, 2021 U.S. Dist. LEXIS 161565, at *2 (D. Del. Aug. 26, 2021) (respondent "is a Delaware corporation and therefore it resides and is found in this District").

*Second*, the discovery sought from Respondents is intended for use in the Canada Proceeding. "In order to demonstrate that the material at issue will be 'for use' in the foreign proceeding, a petitioner must meet only a 'low threshold'—that is, it must simply demonstrate that "the evidence sought is something that will be employed with some advantage or serve some use in the proceeding.'" *In re Selman*, Civil Action No. 23-895-CJB, 2024 U.S. Dist. LEXIS 44077, at *6 (D. Del. Mar. 13, 2024). A true and correct copy of the Notice of Claim filed in the Canada Proceeding is attached to the Descalzo Decl. as Exhibit A, and the Proposed Amended Notice of Claim, which has been served on Pirtle, is attached as Exhibit B**.** The materials sought herein relate to Petitioner's defamation claims in the Canada Proceeding, including but not limited to identifying cryptocurrency transactions involving Pirtle and the Co-Conspirators that have been identified to-date through Petitioner's ongoing investigations. Pirtle is a forthcoming defendant in the Canada Proceeding[3] and was responsible for paying Williams and other Co-Conspirators in furtherance of the Defamatory Conspiracy. Pirtle, in turn, received compensation for his role in orchestrating the scheme. The Co-Conspirators are individuals who indisputably were involved in the amplification of the false statements concerning Petitioner, and therefore they are critical

---

[3] Discovery under Section 1782 concerning a prospective party to the foreign proceedings is proper, as the threshold test merely requires that the foreign proceeding is "within reasonable contemplation" (*Intel*, 542 U.S. at 259), as demonstrated by allegations which "portend[] future litigation." *In re Regeneron Pharms.*, Inc., No. 25-17 (MN), 2025 U.S. Dist. LEXIS 156430, at *3 (D. Del. Aug. 13, 2025). Here, the Canada Proceeding is already ongoing, and Petitioner has commenced the process to add Pirtle as a party, including serving Pirtle with a copy of the Proposed Amended Notice of Claim.

fact witnesses that Petitioner will seek to depose and from whom Petitioner will seek to obtain further relevant discovery.  *See* Descalzo Decl., Exs. C-F.  Evidence of the foregoing transactions, including the dates, times, amounts and accounts involved, are critical evidence that will assist Petitioner in pursuing its claims in Canada and assist the Canada Courts in resolving Petitioner's defamation claims.  *See id*.

**Third**, Petitioner is an "interested person" within the meaning of 28 U.S.C. § 1782.  An interested person is one who has significant "participation rights" in the foreign action.  *Intel*, 542 U.S. at 256-57.  As the Supreme Court noted in *Intel*, "litigants are included among, and may be the most common example, of the 'interested person[s]' who may invoke § 1782."  542 U.S. at 256.  Petitioner is the plaintiff in the Canada Proceeding, and therefore is an "interested person" for the purposes of § 1782.

## II.    PETITIONER MEETS THE DISCRETIONARY FACTORS FOR SECTION 1782

Once an interested party makes the requisite showing that it has met the statutory factors, the district court judge has the discretion to grant the requested assistance.  *Intel*, 542 U.S. at 264; *In re Vienna*, 2023 U.S. Dist. LEXIS 171349, at *12.

The Supreme Court has identified a number of prudential factors for courts to consider when ruling on a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceeding, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome.  *See Intel*, 542 U.S. at 264-65.  Here, all of these factors weigh in favor of granting the application.

***First***, where, as here, discovery is sought from entities that are not parties to the foreign proceeding, the need for court-ordered discovery is apparent.  As the Supreme Court explained: "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid."   *Intel*, 542 U.S. at 264 (internal citations omitted). Respondents are not parties to the Canada Proceeding and, upon information and belief, have no legal presence in Canada.  As such, Respondents are outside the jurisdictional reach of the Canada Court.  Without relief from this Court, Petitioner would be unable to obtain evidence from Respondents that is critical to its defamation claims in the Canada Proceeding.

***Second***, courts must look to the nature of the foreign proceeding and the receptivity of the foreign tribunal to federal court assistance.  Here, there is no evidence that the discovery sought in this application would offend the Canada Court in any way, and U.S. Federal Courts have routinely recognized that Canadian courts would be receptive to U.S. discovery obtained through Section 1782 applications.  *See In re Ex parte in re Al-Baldawi*, No. 5:22-mc-80329-EJD, 2023 U.S. Dist. LEXIS 90056, at *6 (N.D. Cal. May 23, 2023) (finding that "Canadian courts will be receptive to U.S. discovery"); *In re N. Am. Potash, Inc.*, No. 12-20637-CV-WILLIAMS/Tur, 2012 U.S. Dist. LEXIS 195703, at *18 (S.D. Fla. Nov. 19, 2012) ("[T]his Court's review of Canadian case law demonstrates a receptiveness to U.S. judicial assistance").  Moreover, the discovery sought would aid the Canada Court in resolving Petitioner's claims by demonstrating Pirtle's role in soliciting and paying Williams and the Co-Conspirators to amplify the false statements, as well as evidence that Pirtle himself was compensated for his furtherance of the Defamatory Conspiracy, goals which are directly relevant to the Canada Proceeding.

- 10 -

*Third*, this application is not an attempt to circumvent any foreign discovery restrictions and does not violate any Canada restrictions on gathering evidence.[4]  Petitioner has a good-faith basis for believing that it will be able to use these materials in the Canada Proceeding.  Descalzo Decl., ¶ 10.  Further, Petitioner has no reason to believe that the Canada Court would be unreceptive to the judicial assistance requested, nor is Petitioner aware of any limitation on discovery imposed by the Canada Court or the law of Canada, either generally or specifically, such that the request would "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id*.; *Intel*, 542 U.S. 241 at 264-65.  The Court's assistance, through granting the discovery sought herein, would permit Petitioner to appropriately and fully prosecute its claims in the Canada Proceeding.

*Fourth*, the document requests in the proposed subpoena are neither unduly burdensome nor intrusive.  Petitioner has tailored its requests to seek only those materials relevant to the Canada Proceeding.  Furthermore, the requests are limited in scope to the specific individuals involved in the Defamatory Conspiracy and to the narrow time period in which the payments are believed to have occurred.  *See Kiritchenko v. Citicorp N. Am., Inc.*, No. 2:23-mc-00137 WLH (AJRx), 2024 U.S. Dist. LEXIS 112070, at *3, 11 (C.D. Cal. Apr. 1, 2024) (granting Section 1782 application for subpoenas directed to "financial institutions where transfers of funds were made" and finding requests not intrusive as they "are tailored to the accounts, files, and time periods likely to be relevant to the Bulgarian Proceedings").  Finally, the documents requested are ordinary business

---

[4] As the Supreme Court noted in *Intel*, the Court's analysis of a Section 1782 application does not extend to the discoverability or admissibility of the information in the foreign forum. *See Intel*, 542 U.S. at 260 ("Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there.").

- 11 -

records, and sophisticated entities such as Respondents should have little difficulty identifying, reviewing, and producing them.

## CONCLUSION

For the reasons set forth herein, Petitioner respectfully requests that the Court issue an Order, pursuant to 28 U.S.C. § 1782, granting Petitioner leave to serve Respondents with the subpoenas appended to the Descalzo Decl. as Exhibits C-F.


Dated: October 23, 2025

**DESCALZO LAW P.A.**
Marissel Descalzo (*pro hac vice forthcoming*)
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Tel.: (305) 489-1018
md@descalzolaw.com

**CHRISTENSEN LAW LLC**

 */s/ Joseph L. Christensen*
Joseph L. Christensen (#5146)
Anne M. Steadman (#6221)
Levi Akkerman (#7015)
1201 N. Market Street, Suite 1404
Wilmington, DE 19801
(302) 212-4330
joe@christensenlawde.com
asteadman@christensenlawde.com
lakkerman@christensenlawde.com

*Attorneys for Petitioner*